**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TAMIA REDWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2653-PRW** |
| | ) | |
| **PF MPW SNF OPS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Tamia Redway filed a complaint and a separate Application to Proceed in District Court Without Prepaying Fees or Costs ("Original Application"), Doc. 2. United States District Judge Patrick R. Wyrick referred the Original Application to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Upon order of the Court, Plaintiff filed a new Application to Proceed in District Court Without Prepaying Fees or Costs ("Amended Application"), Doc. 5. After review, the undersigned recommends that the Court deny the Amended Application.[1]

## I. Discussion

The filing fee for a civil case in this Court is $405.00.[2] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP").

---

[1] Because the Amended Application moots Plaintiff's Original Application, the undersigned considers only Plaintiff's Amended Application and recommends denying the Original Application, Doc. 2, as moot.

[2] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

**A. Factors for consideration**

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). The undersigned has not reviewed the complaint. Doc. 1; *see* Doc. 3 (referring only the Original Application). But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Amended Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application). With respect to income, the Court considers the degree to which a plaintiff's monthly income exceeds her monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because the plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars"). In doing so, the Court also considers whether a

plaintiff's monthly obligations are mandatory or discretionary. *Brewer*, 24 F. App'x at 979. And the Court considers a plaintiff's household income. *See, e.g., Freisinger o/b/o A.A.F. v. Dudek*, No. CIV-25-104-CMS, 2025 WL 913637, at *1 (W.D. Okla. Feb. 19, 2025) (explaining a court considers the "income and assets of persons who financially support" a plaintiff applying to proceed IFP) (R&R), *adopted*, 2025 WL 909238 (W.D. Okla. Mar. 25, 2025); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citation modified)); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) ("Courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915." (citation modified)); *Williams v. Spencer*, 455 F. Supp. 205, 208 (D. Md. 1978) (explaining that, in determining whether litigants are unable to pay, the court should consider resources "they have or can get" (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). Here, because Plaintiff relies on her mother for financial support, the Court considers that financial resource in assessing Plaintiff's inability to pay the filing fee.

**B. Plaintiff's financial information**

The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on her Amended Application. Plaintiff attests that her take-home pay is unpredictable and varies according to the needs of her employer. Doc. 5 at 1; Doc. 5-1. Based on the amounts of her take-home pay in September, her monthly income is

approximately $1,105.00. Plaintiff also attests that she relies on her mother for basic necessities, including rent, utilities, groceries, food, and transportation. Doc. 5-1. Her mother's monthly income is approximately $4,000.00. *Id.*

Plaintiff states she has no assets. Doc. 5 at 2. Plaintiff attests that she has approximately $2,900.00 in debt, but does not include any loan payments in her monthly obligations. *Id.*; Doc. 5-1. Her monthly expenses total approximately $2,690.00. Doc. 5 at 2; Doc. 5-1.

Based on the information provided in the Amended Application, the undersigned recommends the Court deny the Amended Application. Including her mother's income, Plaintiff reports monthly take-home pay that exceeds her monthly expenses by more than $2,415.00. And even without Plaintiff's variable income, her mother's income exceeds Plaintiff's monthly expenses by approximately $1,300.00. Though Plaintiff indicates her mother "also supports [her] brother and sister," Plaintiff does not include any of her mother's expenses for the Court's consideration. Doc. 5-1. As such, based on the information before the Court, the undersigned finds Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312; *see also Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009) (denying a motion to proceed IFP when "the documentation Plaintiff has provided does not indicate an inability to pay the required filing fee").

## II. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 5. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **November 3, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 13th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE